# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NIGUEL GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 19-cv-1283-MMM |
| | ) |
| REBEKAH McGRATH, et. al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging violations of procedural due process at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on February 5, 2018 and February 8, 2018, Defendant Nurse McGrath wrote him disciplinary tickets for sexual misconduct. Defendant McGrath claimed that on both occasions, Plaintiff stood in the doorway or window of his cell masturbating, as she was passing medications in the North Cell House. Plaintiff has provided copies of the tickets which indicate, on their face, that Plaintiff refused to sign the tickets and that the charges were read to

him.  The two matters went to hearing on February 14, 2018, before Adjustment Committee members, Defendants Dalton and Wolf.  The report of hearing asserts, and Plaintiff does not dispute, that he refused to attend the hearing.  Plaintiff was found guilty of sexual misconduct and sentenced to a two-month term of C Grade, segregation, commissary restrictions and audio/visual restrictions.  [ECF 1 p. 9].

On February 28, 2018, Plaintiff filed two essentially identical grievances.  One grieved the February 5, 2018 incident, and the other February 8, 2018 incident.  In the grievances, Plaintiff denied having masturbated and asked that security camera footage be reviewed so he could be exonerated.  On March 12, 2018, Defendant Grievance Officer Simpson recommended denial of the grievance of the February 5th incident and, on May 4, 2018, denial of the grievance of the February 8th incident.  On June 22, 2018 and July 2, 2018, respectively, Administrative Review Board ("ARB") member Defendant Amy Burle affirmed the denial of the grievances.

Plaintiff makes a generalized claim that he was denied due process at the February 14, 2018 hearing as he was deprived of his "only substantial defense," the video footage which would have allegedly exonerated him.  Plaintiff names Defendant McGrath; Adjustment Committee members, Dalton and Wolf; Grievance Officer Simpson; and ARB member, Burle.

## ANALYSIS

Section 1983 provides a cause of action for the deprivation of procedural due process.  To determine whether due process has been violated, the Court must determine whether the plaintiff was deprived of a constitutionally protected liberty or property interest and, if so, what process was due under the circumstances.  *Charleston v. Bd. of Trustees*, 741 F.3d 769, 772 (7th Cir. 2013).  A due process claim must identify a constitutionally recognized interest in liberty or

property of which plaintiff was deprived. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008).

The due process protections afforded a prisoner facing a disciplinary hearing include advance written notice of the charges against him; the opportunity, at the discretion of officials, to produce witnesses and documentary evidence in his defense; and a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). Here, Plaintiff has provided evidence that he was given advance notice of the charges which, when he refused to sign, were read to him. While Plaintiff otherwise had an opportunity to identify witnesses and produce documentary evidence in his defense, he does not claim that he did so. Plaintiff, in fact, refused to appear at the hearing and did not testify or dispute the charges. While Plaintiff requested the production of surveillance videotapes, he did not do so until filing his February 28, 2018 grievances, two weeks after the conclusion of the disciplinary hearing.

The Court finds that Plaintiff had available due process protections available to him but failed to utilize them. *See Domka*, 523 F.3d at 781. "It is without question that an individual may waive his or her procedural due process rights….(a waiver ordinarily is 'an intentional relinquishment or abandonment of a known right or privilege')." (Internal citations omitted). Here, Plaintiff does not plead a claim that any Defendant violated his due process rights but, rather, that he voluntarily waived those rights by not participating in the hearing or asking for the production of the videotapes prior to hearing. As a result, Plaintiff fails to state a claim and this case is DISMISSED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot state a colorable due process claim under these facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 11/15/2019                                            s/ Michael M. Mihm
ENTERED                                          MICHAEL M. MIHM
                                                  UNITED STATES DISTRICT JUDGE